**CT Corporation**

**Ex. A**

**Service of Process Transmittal**
03/16/2022
CT Log Number 541238731

**TO:**   KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:**   **Process Served in Georgia**

**FOR:**   Wal-Mart  (Cross Ref Name)  (Domestic State: DE)
WALMART INC. (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: NICHOLE STANLEY // To: WALMART INC. |
| **DOCUMENT(S) SERVED:** | Entry, Attachment(s), Summonses, Complaint, First Request(s) |
| **COURT/AGENCY:** | Lowndes County State Court, GA<br>Case # 2022SCV0144 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 04/15/2020 - 1810 Tift Avenue North, Tifton, Georgia 31794 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company (FL), Cumming, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/16/2022 at 12:28 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Matthew K. Williams<br>Monge & Associates<br>8205 Dunwoody Place<br>Building 19<br>Atlanta, GA 30350<br>800-899-5750 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/17/2022, Expected Purge Date: 03/27/2022 |
| | Image SOP |
| | Email Notification,  KIM LUNDY- EMAIL  legal@walmartlegal.com |
| **REGISTERED AGENT ADDRESS:** | The Corporation Company (FL)<br>106 Colony Park Drive<br>STE 800-B<br>Cumming, GA 30040<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

 CT Corporation

**Service of Process Transmittal**
03/16/2022
CT Log Number 541238731

**TO:** KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:** **Process Served in Georgia**

**FOR:** Wal-Mart  (Cross Ref Name)  (Domestic State: DE)
WALMART INC. (True Name)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Print Form

SHERIFF'S ENTRY OF SERVICE   GWINNETT COUNTY SHERIFF DEPARTMENT

| | |
|---|---|
| Civil Action No. 2022SCV0144 | Superior Court ☐   Magistrate Court ☐<br>State Court       ☐   Probate Court       ☐<br>Juvenile Court ☐ |
| Date Filed 3/10/2022 | Georgia, LOWNDES _____ COUNTY |
| | NICHOLE STANLEY |
| Attorney's Address | |
| Matthew Williams/Monge & Associates | Plaintiff |
| 8205 Dunwoody Pl., Bldg. 19 | VS. |
| Atlanta, GA 30350 | |
| | Wal-Mart Neighborhood Market, John Doe, |
| Name and Address of Party to Served | Rashema DeLoach, and ABC Corp. |
| Wal-Mart Neighborhood Market c/o CT | Defendant |
| Corporation System, 289 S. Culver Street | o |
| Lawrenceville, GA 30046 | |
| | Garnishee |

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant _____ a corporation

☐ by leaving a copy of the within action and summons with _____
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This _____ day of _____ , 20 ___.

        DEPUTY

LOWNDES COUNTY, GEORGIA
Lowndes County - State Court
2022SCV0144
3/9/2022 2:55 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Stacy Barrett

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☑ State Court of LOWNDES _____ County

| For Clerk Use Only | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Date Filed 3/10/2022 | | | | | Case Number 2022SCV0144 | | | | |
| MM-DD-YYYY | | | | | | | | | |

**Plaintiff(s)**

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| STANLEY | NICHOLE | | | |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| WAL-MART | NEIGHBORHOOD | MARKET | | |
| Last DOE | First JOHN | Middle I. | Suffix | Prefix |
| Last DELOACH | First RASHEMA | Middle I. | Suffix | Prefix |
| Last ABC | First CORP. | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Matthew K. Williams  **State Bar Number** 168912  **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☑ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
Case Number                          Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

## IN THE STATE COURT OF LOWNDES COUNTY
## STATE OF GEORGIA

**NICHOLE STANLEY,**

    **Plaintiff**

    **Versus**

**WAL-MART NEIGHBORHOOD MARKET**
c/o Registered Agent CT Corporation System
289 S. Culver Street
Lawrenceville, GA 30046,

    **Defendant.**

2022SCV0144
**CASE NO. _____**

**DEMAND FOR JURY TRIAL**

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Matthew K. Williams, Esq./Monge & Associates
8205 Dunwoody Place, Bldg. 19
Atlanta, GA 30350

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for relief demanded in the complaint.

This the 10th day of March, 2022.

/s/ Stacy Barrett

Dep. _____
    **Clerk of State Court**

LOWNDES COUNTY, GEORGIA
Lowndes County - State Court
2022SCV0144
3/9/2022 2:55 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Stacy Barrett

## IN THE STATE COURT OF LOWNDES COUNTY
## STATE OF GEORGIA

NICHOLE STANLEY,

     **Plaintiff**

     **Versus**            **CASE NO.** 2022SCV0144 _____

RASHEMA DELOACH,         **DEMAND FOR JURY TRIAL**
4700 Queensbury Way
Valdosta, GA 31605

     **Defendant.**

## SUMMONS

**TO THE ABOVE-NAMED DEFENDANT:**

     **You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

Matthew K. Williams, Esq./Monge & Associates
8205 Dunwoody Place, Bldg. 19
Atlanta, GA 30350

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for relief demanded in the complaint.**

This the ____10th____ day of ____March____, 2022.

/s/ Stacy Barrett
_____
Dep. **Clerk of State Court**

LOWNDES COUNTY, GEORGIA
Lowndes County - State Court
2022SCV0144
3/9/2022 2:55 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Stacy Barrett

## IN THE STATE COURT OF LOWNDES COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| NICHOLE STANLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action File No.: 2022SCV0144 |
| | )· | _____ |
| WAL-MART NEIGHBORHOOD | ) | DEMAND FOR JURY TRIAL |
| MARKET, JOHN DOE, RASHEMA | ) | |
| DELOACH, and ABC CORP., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### COMPLAINT FOR PERSONAL INJURIES

NOW COMES, Nichole Stanley (hereinafter "Plaintiff") by and through her Counsel of

Record and shows this Court the following facts and circumstances in support of this Complaint.

### PARTIES AND JURISDICTION

1.

Plaintiff resides in Tifton, Tift County, Georgia and is subject to the jurisdiction of this

court.

2.

Defendant, Wal-Mart Neighborhood Market, (hereinafter "Defendant Wal-Mart") is

subject to the jurisdiction of this Court and can be served with a Summons, Complaint for

Personal Injuries, Interrogatories, Request for Production of Documents and Request for

Admissions through the Registered Agent, CT Corporation System, 289 South Culver Street,

Lawrenceville, Gwinnett County, Georgia 30046.

3.

Defendant Rashema DeLoach (hereinafter "Defendant DeLoach") is subject to the jurisdiction of this Court and can be served with a Summons, Complaint for Personal Injuries, Interrogatories, Request for Production of Documents and Request for Admissions at her place of residence: 4700 Queensbury Way, Valdosta, Lowndes County, Georgia 31605.

4.

Defendants John Doe and ABC Corp.; are unidentified at this time.

5.

Jurisdiction and venue are proper in this court.

## BACKGROUND

Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 5 above as if fully restated.

6.

On or about April 15, 2020, Plaintiff was an invitee at Defendant Wal-Mart's store located at 1810 Tift Avenue North, Tifton, Georgia 31794.

7.

Plaintiff was walking down in the laundry soap aisle at the Walmart Neighborhood Market located at 1810 Tift Avenue North, Tifton, Georgia 31794 (hereinafter "subject premise") at the time of the subject fall.

8.

Unbeknownst to Plaintiff, a slippery liquid, appearing to be a laundry soap was on the floor in the middle of the isle of the subject premises.

9.

Suddenly and without warning, Plaintiff slipped and fell as a result of the slippery substance that had been left on the floor of the subject premises.

10.

The Defendants did not utilize a Wet Floor sign.

11.

As a result of said fall, the Plaintiff suffered serious and permanent injuries.

## COUNT I: NEGLIGENCE OF DEFENDANT WALMART

12.

Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 11 above as if fully restated.

13.

Under Georgia law, "where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." O.C.G.A. § 51-3-1.

14.

Defendant Wal-Mart had a non-delegable duty to maintain safe premises to the Plaintiff and breached said duty.

15.

Defendant Wal-Mart had actual and/or constructive knowledge of the hazardous substance.

3

16.

There were no cones or warning signs in the area at the time of Plaintiff's fall.

17.

Defendant was negligent in failing to properly inspect the area where the fall occurred, in failing to remove the hazard from the Ground, in failing to take adequate measures to protect invitees from substances on the Ground and failing to keep its premises safe for invitees.

18.

At all times material hereto, the individuals responsible for inspecting, cleaning, and maintaining the area where Plaintiff fell were employed by Defendant Wal-Mart and were acting within the scope of their employment.

19.

Defendant Wal-Mart is responsible for the conduct of these individuals under the doctrine of *respondent superior*, agency or apparent agency.

20.

Defendant Wal-Mart was negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, cleaning and maintenance were performed on the premises, and in failing to train and supervise its employees concerning safety procedures for inspection, cleaning and maintaining the premises.

21.

Plaintiff lacked knowledge of the hazard despite her exercise of ordinary care.

22.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Wal-Mart, Plaintiff suffered serious and permanent injuries and damages.

4

## COUNT II: NEGLIGENT MAINTENANCE OF PREMISES

23.

Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 22 above as if fully restated.

24.

At all times relevant, Defendant Wal-Mart, also including its agents, employees, and/or delegates, owed Plaintiff Stanley a duty to exercise that degree of care ordinarily possessed and exercised by owners, operators, constructors, managers, and maintainers of premises open to invitees.  This duty included, but was not limited to, Defendant Wal-Mart's obligation to exercise ordinary care in maintaining said premises against the existence of dangerous and hazardous conditions. As such, Defendant Wal-Mart owed a legal duty under O.C.G.A. § 51-3-1 of reasonable care to invitees to inspect and keep the premises in a safe condition.

25.

Defendant Wal-Mart had actual or constructive knowledge of the hazardous liquid on the Ground, but despite that knowledge, Defendant Wal-Mart failed to exercise ordinary care in keeping the premises safe for the invitee and it did not adequately and reasonably maintain said premises by removing or fixing the dangerous and hazardous conditions.

26.

As a direct and proximate result of Defendant Wal-Mart's negligence, Plaintiff Stanley sustained serious injuries, pain and suffering, mental anguish, loss of the enjoyment of life, lost wages, and/or other damages, including, but not limited to, medical expenses as will be proven at trial and permitted under Georgia law.

## COUNT III: NELIGENCE OF DEFENDANT DELOACH

27.

Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 26 above as if fully restated.

28.

At all relevant times Defendant DeLoach was an employee and/or agent of Wal-Mart and was responsible for maintaining the premises in a safe condition on behalf of the Wal-Mart by inspecting and maintaining the premises and by supervising employees at the above referenced location.

29.

At all relevant times, Defendant DeLoach had or should have had employees in the area where the incident occurred and therefore had actual and/or constructive knowledge of the hazardous condition and could have prevented the injury.

30.

Defendant DeLoach was present at the Store on the date of the subject incident.

31.

As manager(s) of the subject location, Defendant DeLoach was responsible for the training of its employees as well as the implementation of safety policies and procedures.

32.

At the time of the subject incident, Defendant DeLoach possessed and controlled the subject premises where the incident occurred such that he was the occupier of the premises at the time of the Plaintiff's injury.

6

33.

At the time of the subject incident, Plaintiff was an invitee on the premises and as such Defendant DeLoach had a legal duty to perform supervisory services in a reasonable and prudent manner and to warn Plaintiff of hidden dangers or defects that were not discoverable in the exercise of reasonable care.

34.

Defendant DeLoach breached her legal duties to perform his supervisory duties in a reasonable and prudent manner by failing to inspect the premises to discover any hazards and by negligently supervising the employees under his authority.

35.

Defendant DeLoach's negligent supervision included the failure to adequately monitor the assistant managers and the line-level employees to ensure that they were inspecting the Wal-Mart Store for hazards in a reasonable manner and adequately and properly cleaning the floor of the store. Defendant DeLoach's oversight duties were not completed in a reasonably prudent manner.

36.

Each manager had meaningful input into the development and implementation of Wal-Mart Store policies and procedures at the time of this incident. Although she may have worked in collaboration with other senior off-site management in these efforts, her input was critical and instrumental in the development and implementation of safety policies and procedures for this Wal-Mart location.

7

37.

Defendant DeLoach was negligent in her role as a member of the team that developed safety policies and procedures for this Wal-Mart location.

38.

Defendant DeLoach was negligent in supervising the implementation of the designated safety policies regarding inspection of the premises, monitoring the premises for dangerous conditions, and maintaining and cleaning the Store and its Grounds.

39.

Defendant DeLoach was negligent in the training or failing to train employees on reasonable and proper safety policies regarding inspection of the premises, monitoring the premises for dangerous conditions, and maintaining and cleaning the Wal-Mart Store and its Grounds.

40.

As a result of the foregoing, Defendant DeLoach breached a legal duty owed to Plaintiff.

41.

As a direct and proximate result of the negligence of Defendant DeLoach, the Plaintiff Nichole Stanley suffered serious and permanent injuries and damages.

## COUNT IV – NEGLIGENT FAILURE TO WARN

42.

Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 41 above as if fully restated.

8

43.

At all times relevant, Defendant Wal-Mart, also including its agents, employees, and/or delegates owed Plaintiff Stanley a duty to exercise that degree of care ordinarily possessed and exercised by owners, operators, constructors, managers and maintainers of premises open to invitees. This duty included, but was not limited to, Defendant Wal-Mart's obligation to provide reasonable warning to invitees, such as Plaintiff Stanley, of the existence of dangerous and hazardous conditions on said premises about which Defendant Wal-Mart had actual and/or constructive knowledge.

44.

Plaintiff Stanley lacked knowledge of the hazardous condition despite the exercise of ordinary care due to the conditions within the control of the Defendant Wal-Mart, particularly including but not necessarily limited to inadequate warning of the hazard.

45.

As a direct and proximate result of Defendant Wal-Mart's negligence in failing to warn, Plaintiff Stanley sustained serious injuries, pain and suffering, mental anguish, loss of the enjoyment of life, lost wages, loss of consortium, and/or other damages, including, but not limited to, medical expenses as will be proven at trial and permitted under Georgia law.

46.

As a result of the negligence of the Defendants, Plaintiff Nichole Stanley has incurred partial medical expenses to date in excess of $63,217.16 Plaintiff is still treating, and several medical bills are outstanding.

9

47.

As a result of the negligence of the Defendants, Plaintiff Nichole Stanley will incur future medical expenses in an amount to be proven at trial.

48.

As a result of the negligence of the Defendants, Plaintiff Nichole Stanley has incurred general damages, including past, present and future mental and physical pain and suffering in an amount to be proven at trial.

## V: LIABILITY OF THE DEFENDANTS

49.

Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 48 above as if fully restated.

50.

Defendant Wal-Mart and Defendant DeLoach are liable to Plaintiff Stanley by virtue of one or more of the following acts, including but not limited to:

a.   Failing to exercise ordinary care to have the premises in a reasonably safe condition; and/or

b.   Failing to exercise ordinary care not to expose the invitees to unreasonable risk; and/or

c.   Failing to adequately warn of the hazard; and/or

d.   Negligent placement of any alleged warning sign in a manner where it was clearly visible.

51.

Each of the forgoing acts and omissions, including but not limited to those alleged throughout this Complaint, constitutes an independent act of negligence on the part of both

10

Defendant Wal-Mart and Defendant DeLoach and one or more or all above-stated acts were the proximate and actual causes of damages to Plaintiff Stanley.  Defendant Wal-Mart is liable for all damages recoverable under Georgia law.

52.

To the extent if Plaintiff Stanley is deemed a licensee, Defendant Wal-Mart and Defendant DeLoach failed to adhere to its duties to inspect the premises, manage the premises, construct the premises, maintain the premises, and/or warn Plaintiff Stanley of dangers and hazards about which it had actual and/or constructive knowledge.

53.

As a direct and proximate result of Defendant Wal-Mart's and Defendant DeLoach's negligence, Plaintiff Stanley sustained serious injuries, pain and suffering, mental anguish, loss of the enjoyment of life, lost wages, and other damages, including, but not limited to, medical expenses as will be proven at trial and permitted under Georgia law.

54.

Plaintiff Stanley states her intention and desire to bring each and every permissible, proper, and authorized claim for damages under all Georgia laws.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully demands trial by a fair and impartial jury on all issues and for the following:

(a)     That process issue and Defendants be served with the Summons and Complaint as provided by law;

(b)     That the Plaintiff have judgment against Defendants for her special damages, including past medical expenses in an amount to be proven at trial;

11

(c)     That the Plaintiff have judgment against Defendants for her future medical
expenses in an amount to be proven at trial;

(d)     That the Plaintiff have judgment against Defendants for her general damages,
including past, present and future mental and physical pain and suffering in an
amount to be proven at trial;

(e)     That judgment be entered against Defendants for all Court costs;

(f)     That the Plaintiff have a trial by jury; and

(g)     That the Plaintiff have such other and further relief as is just and proper.

This the 9th day of March 2022.

Respectfully submitted,

**MONGE & ASSOCIATES,**

*Matthew K. Williams*

Matthew K. Williams
Georgia State Bar No. 168912
Attorney for Plaintiff

8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
(800) 899 – 5750
Matthew@Monge.Lawyer

Print Form

SHERIFF'S ENTRY OF SERVICE  LOWNDES COUNTY SHERIFF DEPARTMENT

Civil Action No. 2022SCV0144

|  | |
|---|---|
| Superior Court ☐ | Magistrate Court ☐ |
| State Court ☐ | Probate Court ☐ |
| Juvenile Court ☐ | |

**GEORGIA LOWNDES COUNTY**
**Filed in office this**

Date Filed 3/10/2022

Georgia, LOWNDES               COUNTY

**MAR 2 1 2022**

NICHOLE STANLEY

Attorney's Address

Matthew Williams/Monge & Associates

~~Clerk Superior Court State Court/~~
~~Juvenile Court~~

Plaintiff

8205 Dunwoody Pl., Bldg. 19

VS.

Atlanta, GA 30350

Name and Address of Party to Served    **MAR 1 5 2022**

Wal-Mart Neighborhood Market, John Doe,

Rashema DeLoach

Rashema DeLoach and ABC Corp.

4700 Queensbury Way

Defendant

Valdosta, GA 31605

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
I have this day served the defendant Rashema Deloach                     personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant _____ a corporation

☐ by leaving a copy of the within action and summons with _____
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This 19 day of March        , 2022.

DEPUTY

**CLERK'S COPY**

IN THE STATE COURT OF LOWNDES COUNTY
STATE OF GEORGIA

NICHOLE STANLEY,                    )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )        CIVIL ACTION
                                    )        FILE NO. <u>2022SCV0144</u>
WALMART NEIGHBORHOOD                )
MARKET, JOHN DOE, RASHEMA           )
DELOACH, and ABC CORP.,             )
                                    )
                                    )
        Defendants.                 )

## <u>ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT</u>

COME NOW, mis-identified Defendants Walmart Neighborhood Market and Rashema Deloach and by special appearance, file this Answer and Defenses to Plaintiff's Complaint and show the Court as follows:

### <u>First Defense</u>

Defendants show that Rashema Deloach is not a proper party to this case. Deloach was not an employee of this store at the time of this accident and was not working at the store in question on the date of the accident. Defendants assert that Deloach has only been added in an improper and fraudulent attempt to avoid diversity jurisdiction and removal to federal court. Defendants reserve the right to conduct discovery on these claims and remove the case to federal court as appropriate.

### <u>Second Defense</u>

Pending additional investigation and discovery, Plaintiff's Complaint, taken as a whole, may fail to state a claim against one or more Defendants upon which relief may be granted.

### <u>Third Defense</u>

Defendants show that "Wal-Mart Neighborhood Market" is not an existing entity and is not the proper party to this case. While Defendants deny liability, Defendants state that Wal-

Mart Stores East, LP was the entity involved in the day-to-day operation of the Wal-Mart store at issue.  Defendants request that Plaintiff voluntarily dismiss Wal-Mart Neighborhood Market.

### Fourth Defense

Pending additional investigation and discovery, Defendants affirmatively preserve any and all defenses based on the doctrine of laches and/or the applicable statute of limitations.

### Fifth Defense

Pending additional investigation and discovery, Defendants state that Plaintiff's alleged injuries and damages were caused or contributed to by Plaintiff's own actions.

### Sixth Defense

Defendants deny that Defendants or Defendants' agents or employees were negligent in any way in connection with the incident which is the subject of this litigation.

### Seventh Defense

Defendants breached no duty owed to Plaintiff.

### Eighth Defense

Plaintiff may not recover against Defendants because no act or omission of Defendants was the legal cause or the proximate precipitating cause of Plaintiff's alleged injuries and damages.

### Ninth Defense

Pending further investigation and discovery, Defendants assert the defenses of contributory and comparative negligence.

### Tenth Defense

Plaintiff may not recover against Defendants due to Plaintiff's equal or superior knowledge of any condition which she alleges resulted in this event.

### Eleventh Defense

Plaintiff failed to exercise ordinary care for her own safety.

### Twelfth Defense

Defendants deny any and all allegations regarding negligent inspection and failure to warn.

### Thirteenth Defense

Plaintiff is not entitled to any special damages to the extent that Plaintiff has failed to specifically plead them in accordance with O.C.G.A. § 9-11-9(g).

### Fourteenth Defense

Plaintiff is not entitled to attorney's fees, expenses, post-judgment interest, or pre-judgment interest under the facts of this case.  Further, Defendants preserve all rights against Plaintiff to the extent these claims are asserted without any justifiable basis in fact or law. If Plaintiff's claims are determined to be false or fraudulent, Defendants reserve the right to seek all sanctions against all persons allowed by law.

### Fifteenth Defense

Pending further investigation and discovery, Defendants reserve the right to assert all affirmative defenses available under the Georgia Civil Practice Act.

### Sixteenth Defense

In answer to the specific allegations of Plaintiff's Complaint, Defendants show the Court as follows:

## PARTIES AND JURISDICTION

### 1.

Defendants are without information sufficient to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint.

### 2.

The allegations contained in Paragraph 2 of Plaintiff's Complaint are denied.  Defendants incorporate their Third Defense.

### 3.

Denied as pled. Defendants incorporate their First Defense.

### 4.

Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint.  As such, those allegations are automatically denied and Defendant places Plaintiff on strict proof of same.

### 5.

Denied.

## BACKGROUND

Defendants incorporate herein their defenses and responses to the allegations contained in Paragraphs 1 through 5 above, as if fully restated.

### 6.

Discovery and investigation are in early stages and at this time, Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained within this paragraph.

7.

Discovery and investigation are in early stages and at this time, Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained within this paragraph and place Plaintiff on strict proof of same.

8.

Defendants admit that a substance identified as laundry soap was on the floor. Defendants are without sufficient information at this time to admit or deny the remaining allegations contained within Paragraph 8 of Plaintiff's Complaint, and place Plaintiff on strict proof of same.

9.

Defendants are without sufficient information at this time to admit or deny the remaining allegations contained within Paragraph 9 of Plaintiff's Complaint, and place Plaintiff on strict proof of same.

10.

Discovery and investigation are in early stages and at this time, Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained within this paragraph and place Plaintiff on strict proof of same.

11.

Defendants are without sufficient information at this time to admit or deny the remaining allegations contained within Paragraph 11 of Plaintiff's Complaint, and place Plaintiff on strict proof of same.

## COUNT I: NEGLIFENCE OF DEFENDANT WALMART

### 12.

Defendants incorporate herein their responses to the allegations contained in Paragraphs 1 through 11 above, as if fully restated.

### 13.

Defendants respond to Paragraph 13 that the law of the State of Georgia will speak for itself. Defendants denied that they breached any duty imposed by law.

### 14.

Defendants state that duties are set by law and deny that Plaintiff has set forth an accurate or complete statement of the law in connection with the claims in this case.  Defendants deny all allegations and inferences of negligence and liability.

### 15.

Denied.

### 16.

Discovery and investigation are in early stages and at this time, Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained within this paragraph and place Plaintiff on strict proof of same.

### 17.

Denied.

### 18.

Denied as pled.  Defendants incorporate their Third Defense.

### 19.

Denied as pled.

20.

Denied.

21.

Defendants are without sufficient information at this time to admit or deny the remaining allegations contained within Paragraph 21 of Plaintiff's Complaint, and place Plaintiff on strict proof of same.

22.

Denied.

## COUNT II: NEGLIGENT MAINTENANCE OF PREMISES

23.

Defendants incorporate herein their responses to the allegations contained in Paragraphs 1 through 22 above, as if fully restated.

24.

Defendants state that duties are set by law and deny that Plaintiff has set forth an accurate or complete statement of the law in connection with the claims in this case.  Defendants deny all allegations and inferences of negligence and liability.

25.

Denied.

26.

Denied.

## COUNT III: NEGLIGENCE OF DEFENDANT DELOACH

27.

Defendants incorporate herein their responses to the allegations contained in Paragraphs 1 through 26 above, as if fully restated.

28.

Denied.

29.

Denied.

30.

Denied.

31.

Denied.

32.

Denied.

33.

Denied.

34.

Denied.

35.

Denied.

36.

Denied.

37.

Denied.

38.

Denied.

39.

Denied.

40.

Denied.

41.

Denied.

## **COUNT IV: NEGLIGENT FAILURE TO WARN**

42.

Defendants incorporate herein their responses to the allegations contained in Paragraphs 1 through 41 above, as if fully restated.

43.

Defendants state that duties are set by law and deny that Plaintiff has set forth an accurate or complete statement of the law in connection with the claims in this case.  Defendants deny all allegations and inferences of negligence and liability.

44.

Denied.

45.

Denied.

46.

Denied.

47.

Denied.

48.

Denied.

## V: LIABILITY OF THE DEFENDANTS

49.

Defendants incorporate herein their responses to the allegations contained in Paragraphs 1 through 48 above, as if fully restated.

50.

Denied. Defendants also deny all allegations contained in sub-paragraphs (a) through (d).

51.

Denied.

52.

Denied.

53.

Denied.

54.

Defendants deny that she has the right to assert any claim against Defendants for any of the damages claimed in this action. Defendants deny all allegations and inferences of negligence and liability.

55.

Defendants deny all other allegations of the Complaint which have not been specifically responded to in the previous paragraphs.

56.

Defendants deny all allegations and claims contained in Plaintiff's Prayer for Relief located immediate after Paragraph 54 of Plaintiff's Complaint and further and specifically deny that Plaintiff is entitled to any relief against these Defendants whatsoever.

**DEFENDANTS HEREBY DEMAND TRIAL BY JURY OF TWELVE**

**REGARDING ALL ISSUES NOT SUBJECT TO SUMMARY ADJUDICATION.**

Having fully answered, Defendants pray that they be discharged with all costs cast against Plaintiff.

This 15th day of April 2022.

DREW, ECKL & FARNHAM, LLP

/s/ Leslie P. Becknell
Leslie P. Becknell
Georgia Bar No. 508011

777 Gloucester Street
Suite 305
Brunswick, GA  31520
(912) 280-9662
becknellL@deflaw.com

/s/  Franklin T. Coleman, IV
Franklin T. Coleman, IV
Georgia Bar No. 177580
Attorney for Defendants

1604 W. 3d Avenue
Albany, GA 31707
229-431-3036
colemanf@deflaw.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day forwarded, via United States Mail, postage prepaid, and statutory electronic service via filing in Odyssey a true and correct copy of the foregoing ***Answer and Defenses to Plaintiff's Complaint*** to the following counsel of record, addressed as follows:

Matthew K. Williams
Monge & Associates
8205 Dunwoody Place Building 19
Atlanta, Georgia 30350
matthew@monge.lawyer

This 15th day of April 2022.

**DREW, ECKL & FARNHAM, LLP**

*/s/  Franklin T. Coleman, IV*
Franklin T. Coleman, IV
Georgia Bar No. 177580
*Attorney for Defendants*

1604 W. 3d Avenue
Albany, GA 31707
229-431-3036
colemanf@deflaw.com

12519476v1
05695-228909

-12-